THE STATE, HENRY D. MOORE ET AL., PROSECUTORS, v. THE COMMISSIONERS OF STREETS OF THE BOROUGH OF HADDONFIELD AND THE WEST JERSEY TRACTION COMPANY.

It is not necessary to the regulating of the use of streets in a borough, by a street railroad company already having, by ordinance passed conformably to the acts of 1893 and 1894 (*Gen. Stat., pp.* 3235, 3247), a location of tracks and the right to construct, maintain and operate its railroad, that there should be a new or continued consent of any abutting landowners or a public hearing on notice. The general powers of boroughs (*Pamph. L.* 1896, *p.* 296, § 28) suffice for that purpose even though the railroad has not been fully constructed.

On *certiorari*.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the prosecutors, *J. Fithian Tatem* and *Herbert A. Drake.*

For the borough, *Henry S. Scovel.*

For the traction company, *E. Ambler Armstrong* and *David J. Pancoast.*

The opinion of the court was delivered by

COLLINS, J. The West Jersey Traction Company, a corporation organized under the act of March 14th, 1893 (*Gen. Stat., p.* 3235), procured from the governing body of the borough of Haddonfield, by ordinance passed March 6th, 1895, and accepted by the company March 10th, 1895, a location of its tracks on the Haddonfield and Camden turnpike and on certain streets, including Main street in said borough, and permission to construct, maintain and operate a street railroad thereon. There was full compliance with said

act of 1893 and with the act of 1894. *Gen. Stat., p.* 3247. The consent of landowners, presented as a basis for the ordinance, named the turnpike and streets affected, was general in form, unlimited in scope and extended to the location of tracks and the construction of the railroad with all lawful appliances. Section 1 of the ordinance contained the location and description of tracks and the grant of permission to construct and operate. Section 2 made certain requirements for a violation or refusal whereof the company should forfeit all rights under the ordinance, and fixed the period of consent at twenty-five years. It is admitted by a stipulation in the cause that the ordinance "was properly passed and accepted, and that thereunder railroad tracks were built on the turnpike in the borough of Haddonfield, approaching within a few feet of the main street and extending along the turnpike beyond the borough line, but that no track has been laid on the main street in the borough of Haddonfield."

On May 12th, 1897, there was passed "A supplement to an ordinance regulating the railroad of the West Jersey Traction Company." It recites the ordinance of March 6th, 1895, and that " certain regulations and limitations contained in the said ordinance are deemed impracticable, and it is believed to be best for the interest of this municipality and the said corporation, in that respect, only to make certain changes therein and thereof," and then proceeds to ordain that sections 1 and 2 of the ordinance be amended as therein follows. Sections are added requiring the work therein authorized to be commenced within three weeks and to be finished within six months from such commencement, and repealing all ordinances and parts of ordinances inconsistent therewith to the extent of such inconsistency. The changes made by this supplement from the original ordinance are substantially as follows: In the first section (1) a derailing-switch at the crossing of the Camden and Atlantic railroad is dispensed with and (2) the gauge of the tracks is changed from five feet and two inches to five feet; this does not affect the location of the tracks, but only the distance between the inner surfaces

of the tops of the rails projecting above their flanges. In the second section (3) macadam-faced with belgian blocks is substituted for rubble-stone pavement, which, where already laid, is to be taken up and relaid outside the macadam; (4) a time limit for finishing at least one line of track is omitted; (5) a requirement to run cars at specified minimum intervals is omitted; (6) the maximum rate of speed is changed from six to eight miles an hour, but this had already been done by a supplemental ordinance passed April 30th, 1895; and (7) the limit of the period of the consent to twenty-five years is omitted.

The prosecutors attack the ordinance of May 12th, 1897. The causes assigned for its reversal are that the consent of abutting landowners above recited has spent its force and cannot sustain a new ordinance; that, by reason of withdrawals, there does not now subsist the consent of the owners of the necessary frontage, and that there was no public hearing upon a notice posted and published as required by said statutes.

The supposed invalidity of the ordinance under review rests upon the erroneous assumption of its being a new grant. The original ordinance still stands, and no withdrawal of consent of the abutting owners can affect it. The consent upon which that ordinance was based was unlimited and unconditional. Where a grant is partial only, as permitted by the act of 1894, then, if the consent be withdrawn, power to extend the grant may be questionable, but where the grant is complete the right to construct cannot be made to depend upon the continuance of the consent.

Modification or removal of restrictions does not involve a new grant, requiring the statutory consent. The restrictions concern the public, not the abutting owners.

No public hearing or notice was required as a prerequisite to the changes ordained May 12th, 1897. They came within the general municipal power of regulation. The restrictions imposed by the original ordinance either were within the general corporate powers of the borough or else derived their

*32 Vroom.* Mayer v. Jersey City.

efficacy from their acceptance by the traction company as conditions of its grant. It would be absurd to say that no restriction can be imposed on or removed from a street railway company without a public hearing or notice. It is not necessary to give notice even to the owners of land on the street unless their private property rights are to be affected. *Kennelly* v. *Jersey City*, 28 *Vroom* 293.

The General Borough act, approved April 24th, 1897 (*Pamph. L.*, p. 296, § 28), authorizes ordinances to " prescribe the manner in which corporations or individuals shall exercise any privilege granted to them in the use of any street, road or highway, * * * to regulate the use of the streets of the borough by street railway companies," &c.

The supplemental ordinance is within this authority and seems to have been regularly passed. It is affirmed, with costs.